## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                       :

DENZEL LATHAM                 :
7347 Sackett Street               :
Philadelphia, PA 19152        :
               Plaintiff     :

    v.                       :
                        :     Civil Action No. _____

MAVIS TIRE SUPPLY, LLC   :
915 Jaymor Road          :
Southampton, PA 18966     :
                       :
    and                   :
                       :

JOSHUA SELBY           :
915 Jaymor Road          :
Southampton, PA 18966     :
          Defendants   :
_____

## COMPLAINT

Plaintiff, Denzel Latham, by and through his attorneys, Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.,* and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et. seq.*, and seek relief for discrimination, disparate treatment, hostile work environment, and constructive discharge, related to Plaintiff's employment with Defendant, Mavis Tire Supply, LLC, and while under the supervision and conduct of Defendant, Joshua Selby.  Plaintiff alleges and avers:

## Parties

1.      Plaintiff, Denzel Latham, is an adult African American/black male individual who resides at the above captioned address and at all times relevant was a Tire Technician for Defendant, Mavis Tire Supply, LLC working at 915 Jaymor Road, Southampton, PA 18966.

2.      Defendant, Mavis Tire Supply, LLC, is a limited liability corporation duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address and at all times relevant was the employer of Plaintiff.

3.      Defendant Joshua Selby is an adult male Caucasian individual who is and/or was employed by Defendant Mavis Tire Supply, LLC, as a Store Manager, and at all times relevant he had the authority to make material decisions over Plaintiff's employment.

4.      Defendant Mavis Tire Supply, LLC accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including Defendant Selby.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

6.      Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Bucks, Montgomery, Delaware, Philadelphia, and Chester County).

7.      Furthermore, this Court maintains jurisdiction over Plaintiff's causes of action as Plaintiff has exhausted his administrative remedies, having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and Plaintiff having received a Notice of Right to Sue.

**Summary of Facts**

8.      Plaintiff, Denzel Latham, worked for Defendant Mavis Tire Supply, LLC ("Mavis") for approximately nine (9) months as a Tire Technician, beginning July 6, 2017 and ending February 19, 2018, when he was constructively discharged from employment as a result of racial discrimination and hostilities.

9.      Plaintiff was supervised by Defendant Selby, and at times, two other Caucasian male supervisors.

10.      Plaintiff worked full-time and earned $10.00 an hour during his employment.

11.      Plaintiff was the only African American/black (hereinafter "African American") Tire Technician and possibly the only African American employee at the subject location.

12.      Plaintiff was disparately treated when compared to similarly situated non-African American employees.

13.      Plaintiff was treated disparately in relation to discipline (lateness), leaves, and work assignments.

14.      Plaintiff believes he was also underpaid and/or denied raises in relation to his non-African American similarly situated coworkers.

15.      Defendant Selby would require Plaintiff to work when similarly situated non-African American co-workers took breaks, including a time when Plaintiff was required to change tires on a vehicle alone in a downpour (rain), while other employees watched.

16.      Defendant Selby did not permit Plaintiff to wear a hoodie (sweatshirt with a hood) at work, but permitted similarly situated non-African Americans to wear hoodies at work.

17.      Plaintiff requested days off from work but was denied, while similarly situated non-African American employees were permitted/allowed days off, sometimes the same day(s).

3

18. Defendants subjected Plaintiff to racial comments, which were unwelcome.

19. Defendant Selby and Assistant Store Manager Anthony Dina often made off-color and racial jokes to one another, in Plaintiff's presence.

20. Defendant Selby was also known to have a gun in a lockbox at work and he and Andrew (Last Name Unknown) often discussed guns in Plaintiff's presence.

21. Defendant Selby used the N-word in Plaintiff's presence.

22. In the Winter of 2017 a Caucasian supervisor, Andrew (LNU), referred to Plaintiff as a Nigger, with Defendant Selby nearby. Plaintiff asked Defendant Selby if he heard the statement and Defendant Selby affirmed.

23. In late January 2018 Defendant Selby told Plaintiff to cover his ears, and then said to the Assistant Store Manager, Anthony Dina, some employees got "Nigger rich and quit."

24. This incident severely affected Plaintiff such that he went to Defendants Human Resources Department to complain.

25. Plaintiff complained first to Daniel Sletten a management level employee, and then to Defendant Mavis Tire Supply, LLC's Human Resources Department.

26. As a result of the complaint, Plaintiff was offered a transfer to another location, which would be an unbearable transfer.

27. There was no other apparent result from the complaint.

28. Mr. Sletten was then transferred to another store location.

29. Plaintiff had suffered harassment and/or discrimination so intolerable that he reasonably felt compelled to resign under the totality of the circumstances.

4

30.     On February 19, 2018 Plaintiff emailed Scott Castner the Regional Manager for Defendant Mavis and informed him that he did not feel comfortable working with Defendant Selby, after this whole situation, and that he would not be returning to work.

31.     Defendants made no attempt to maintain Plaintiff's employment.

32.     It is alleged and believed Defendant Selby was not disciplined for the foregoing.

33.     Plaintiff was subject to a hostile work environment and subsequently and/or ultimately constructively discharged from employment.

## COUNT ONE
### Discrimination – Hostile Work Environment and Constructive Discharge
### *Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
### Plaintiff v. Mavis Tire Supply, LLC

34.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

35.     Defendant Mavis Tire Supply, LLC is an employer under 42 U.S.C. § 2000 *et. seq* because it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

36.     Plaintiff is a person and has a protected class in that he is black (color) / African American (race).

37.     Under Federal law, 42 U.S.C. § 2000e-2 it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

38.     Defendant, by and through Defendant Selby (a supervisor), and other employees, harassed and disparately treated, Plaintiff making racial remarks to Plaintiff and in his presence.

39.     Defendant disparately treated Plaintiff, the only African American Tire Technician.

40.     Defendants intimidated and menaced Plaintiff.

41.     Defendants comments are/were clearly discriminatory on the basis of race/color.

42.     The comments were unwelcome and were hurtful.

43.     Defendant Selby's conduct as Store Manager vicariously bound/binds Defendant Mavis.

44.     The harassing comments and conduct were sufficiently severe and/or pervasive as to create a hostile environment such that Plaintiff's work environment was so pervaded by racial harassment that it altered the terms and conditions of his employment.

45.     The hostile work environment also resulted in a tangible employment action, constructive discharge.

46.     Plaintiff availed himself of Defendant's anti-discrimination procedures by making a complaint to Human Resources but instead of relief, Plaintiff was propositioned with continuing with the hostile work environment and/or be transferred to an unbearable employment position.

47.     Defendant's harassment and hostile work environment caused and manifested itself in Plaintiff's loss of sleep, anxiety, depression, diet change, and other symptoms.

48.     As a direct and proximate result of Defendant's harassment, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

49.     Defendants actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Denzel Latham, hereby demands judgment in his favor and against Defendant, Mavis Tire Supply, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Discrimination – Disparate Treatment
### *Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
### Plaintiff v. Mavis Tire Supply, LLC

50. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

51. Defendant Mavis Tire Supply, LLC discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, by under paying Plaintiff in relation to similarly situated non-African American employees.

52. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

53. Defendant Mavis's actions were willful and wanton and thus require the imposition of Punitive Damages.

54. Alternatively, as Defendant Mavis considered Plaintiff's color/race in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Denzel Latham, hereby demands judgment in his favor and against Defendant, Mavis Tire Supply, LLC, for any and all damages deemed necessary and just by the Court.

7

## COUNT THREE
### Disparate Treatment, Hostile Work Environment, and Constructive Discharge
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
### Plaintiff v. Mavis Tire Supply, LLC and Joshua Selby

55.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

56.     Defendant Mavis Tire Supply, LLC is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant Mavis resides in the Commonwealth.

57.     Defendant Selby is also an employer under the Pennsylvania Human Relations Act because he aided, abetted, coerced, and/or otherwise facilitated the discrimination, retaliation, and other wrongful conduct alleged herein.

58.     Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being African American (race) and black (color).

59.     Defendants subjected Plaintiff to a harassment, hostile work environment, disparate treatment, and constructive discharge, all on the basis of his race/color, as alleged *supra*.

60.     As a direct and proximate result of Defendants foregoing conduct, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

61.     Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, Denzel Latham, hereby demands judgment in his favor and against Defendant Mavis Tire Supply, LLC and Defendant Joshua Selby, for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____

CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
c: 610-844-1779
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: March 8, 2019

9